[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff whose maiden name was Howe and the defendant married each other on June 7, 1981 in Southington, Connecticut. On November 7, 1990, the plaintiff commenced this action seeking to dissolve the marriage on the ground that it had broken down irretrievably. There are two children born to the parties:
Peter Pietrunti, III, born January 7, 1983 and,
Holly Pietrunti, born December 3, 1984.
No other child has been born to the plaintiff since the date of the marriage. Neither party has ever received any assistance from the State of Connecticut.
The plaintiff is 32 years old and in good health. She has had one year of nursing training. Her present income of $100 weekly is earned by dog grooming, and she has earned income in the past by house cleaning.
The defendant is the general sales manager of a local Chevrolet dealership. He is required to work every day save Sunday, including three evenings until 9 p.m. He receives gross pay of $1,200 weekly and $827.67 after necessary tax deductions. His employer furnishes the use of a motor vehicle which presently is a pick-up truck. The defendant's present hobby is car racing which takes place from April to September.
The defendant is in good health and he attended college for one year.
The parties jointly own a home known as 337 Celia Drive, Wolcott, Connecticut which has been occupied exclusively by the plaintiff since last November when the defendant moved out. The defendant's father gave $6,000 towards the purchase price of $59,900. The plaintiff now states the fair market value as CT Page 3710 $120,000 while the defendant states the fair market value to be $150,000. The court adopts $135,000 as the fair market value. The property is encumbered by a first mortgage of $40,000 and a second mortgage balance of $50,000 which was taken out to pay for major improvements and additions.
The defendant had commenced a dissolution action two or three years ago due to plaintiff's liaison with another man which she admitted to defendant. The parties entered counselling and they reconciled. The plaintiff attributed the eventual breakdown to the defendant's racing and sports activities. The court concludes that the plaintiff's behavior was at least as responsible for the marriage breakdown as was defendant's activities outside the home.
Having considered the evidence in light of the statutory criteria, the court enters a decree dissolving the parties' marriage on the ground of irretrievable breakdown. The court accepts the parties agreement concerning custody and enters the following orders:
1. The parties shall share joint legal custody with the primary physical residence of the children awarded to the plaintiff and reasonable visitation rights awarded to the defendant.
2. TheThe defendant will continue to provide medical insurance for the children as may be available through his employer, and the parties shall share equally in paying any unreimbursed or uninsured bills incurred for the care of the children. These orders are subject to the provisions of 46b-84 (c), Connecticut General Statutes.
3. The plaintiff may also remain on the defendant's medical insurance for as long as permitted by the COBRA legislation provided she pays for the cost of same.
4. The defendant shall pay to the plaintiff the sum of $330 weekly as child support for the two children. This order will be secured by a wage withholding as required by 52-362, Connecticut General Statutes.
5. The real estate known as 337 Celia Drive, Wolcott is ordered to be placed on the open market for immediate sale. The net proceeds from the sale shall be divided equally by the parties. If the parties are unable to agree on any aspect of sale in carrying out this order, either party may move this court for an articulation.
6. The plaintiff is awarded all the furniture and furnishings contained in said real estate. CT Page 3711
7. The plaintiff shall continue to have exclusive occupancy of the premises until sold.
8. In order to protect the property pending its sale, the defendant shall pay the first and second mortgage installments. Upon the sale of the real estate, he shall be reimbursed for 50% of said payments from the plaintiff's share of the net proceeds.
9. The plaintiff shall assign the title and registration to the Lincoln auto to the defendant who shall be solely responsible for satisfying the loan on it.
10. The defendant shall have the option, as lump sum alimony, of delivering to the plaintiff a motor vehicle of plaintiff's choice from the inventory at Harte Chevrolet having a wholesale invoice value of at least $15,000, or the option of paying the plaintiff the sum of $15,000 cash. Such election and selection shall be completed in 30 days. In the interim, the defendant shall provide suitable transportation to the plaintiff by either maintaining the Lincoln in good working order including brakes or by furnishing a rental vehicle at defendant's expense. Either party may move for an articulation in order to carry out this order.
11. One month after the house is sold, the defendant shall commence paying $200 weekly periodic alimony for a period of two (2) years, or until the sooner remarriage of the plaintiff or the death of either party. This order is non-modifiable as to term and amount.
12. The plaintiff shall be solely responsible for the "Discover" card charge account.
13. The defendant shall be responsible for the liabilities listed in "3 Liabilities" on his financial affidavit.
14. The plaintiff shall retain ownership of the horses listed on her financial affidavit.
15. The defendant shall be entitled to claim the two children as dependents on his income tax returns so long as his share of total child support exceeds 60%, as determined from the guidelines.
16. The defendant shall obtain and keep in force a life insurance policy or policies insuring his life in the total face amount of $100,000 naming the two children equal beneficiaries irrevocable until both children attain majority, and the defendant shall provide the plaintiff with proof of same including proof of CT Page 3712 prompt payment of premiums.
17. The defendant shall pay to the plaintiff, from his share of the net proceeds of sale of the real estate, the sum of $2,500 as an allowance to prosecute.
The attorney for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.